Not for Publication                                                                 (Docket Entry No. 11, 12)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| TODD D. FALKENBERG, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>ALEXICO CORPORATION, CHERRY HILL NISSAN, INC., and ABC CORPS. 1-500,<br><br>  Defendants. | Civil No. 07-4149 (RBK)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motions of Defendant Alexico Corporation ("Alexico") and Defendant Cherry Hill Nissan, Inc. ("Nissan") (collectively, "Defendants"). Alexico seeks dismissal of the class complaint filed by Plaintiff Todd Falkenberg ("Plaintiff"), and Nissan seeks judgment on the pleadings. For the reasons that follow, the Court grants Defendants' motions and dismisses Plaintiff's complaint.

## I.      BACKGROUND

The Court accepts the facts as alleged in the Complaint as true for the purposes of this motion and notes that the facts appear to be largely undisputed.

Defendant Alexico is a Nevada-based corporation that distributes, sells, and administers a

product called Premium Care Theft-Gard ("Theft-Gard").  (Compl. ¶1.)  Defendant Cherry Hill Nissan is an automotive dealership in Cherry Hill, New Jersey; Nissan sells vehicles containing the Theft-Gard product.  (Compl. ¶ 3.)

Theft-Gard is an aftermarket vehicle product sold directly to consumers through car dealers.  (Compl. ¶ 39.)  It is marketed as an anti-theft and security system.  Theft-Gard has two components:  (1) the etching of a unique number onto the windows of the vehicle and (2) the registration of that number and the vehicle into Defendant Alexico's records.  The etching appears in small type font in the lower right hand corner of the vehicle's two front windows. (Compl. ¶ 33.)  If the vehicle is stolen within three years of its purchase and not recovered within thirty days, or if it is recovered but is considered to be a total loss, Alexico guarantees to pay the Theft-Gard owner $3,000 or the wholesale value of the vehicle if less.  (Compl. ¶¶1, 14.)  There are other conditions also required to be met before payment will be made; among other things, the consumer must purchase the vehicle and be covered by comprehensive theft insurance to collect the benefit.  (Compl. ¶ 23.)

Defendants specifically represent that Theft-Gard is "not an insurance policy."  (Compl. Ex. B.)  This information is contained on the Theft-Gard registration form, which must be signed by the purchaser and returned to Alexico.  (Compl. Ex. B.)

Plaintiff Falkenberg bought a 2003 Nissan Sentra from Cherry Hill Nissan on June 30, 2005. (Compl. ¶ 9.)  As part of the transaction, Falkenberg purchased Theft-Gard and paid $359.00 for the window etching and $179.00 for the registration.  (Compl. ¶ 9, Ex. A, B.)

Plaintiff filed his Complaint, styled as a Class Action Complaint, on August 29, 2007. Count 1 alleges that despite Defendants' claims, Theft-Gard is actually insurance and

Defendants' misrepresentations amount to a violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1.  Count II alleges that Defendants conspired to commit consumer fraud.  Count III alleges violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310.  Finally, Count IV alleges unjust enrichment based on the unlawful sale of insurance and seeks disgorgement and restitution.[1]  Defendant Nissan answered the Complaint and included claims for contribution and indemnification from Defendant Alexico.  (Docket Entry No. 9.)  Defendant Alexico filed a motion to dismiss on October 10, 2007, and Defendant Nissan filed a motion for judgment on the pleadings on October 12, 2007.

## II.   STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(c) is identical to one filed pursuant to Rule 12(b)(6), save for the fact that Rule 12(c) allows for a motion to be filed subsequent to the filing of an answer, while Rule 12(b)(6) allows for a motion to be made in lieu of an answer. Accordingly, the Court uses identical guidelines in evaluating motions made under either Rule. Turbe v. Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).

When reviewing a motion to dismiss, the Court must accept as true all allegations in the complaint and must provide the plaintiff with the benefit of all inferences that may be fairly drawn from the contents of the complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993); Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989).  The Court may not grant a motion to dismiss unless it is certain that no set of facts can be proven that would entitle the plaintiff to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Milhouse v. Carlson, 652 F.2d 371, 373 (3d

---

[1] This Count is pled as Count VIII, but it is the fourth and last count of the Complaint.  For simplicity, the Court refers to this claim as Count IV.

Cir. 1981).

The Court may consider documents of public record, such as transcripts of proceedings of other courts and records of government agencies, without converting the pending motions into motions for summary judgment. Global Naps, Inc. v. Bell Atlantic-N.J., Inc., 287 F. Supp. 2d 532, 538 n.8 (D.N.J. 2003); Pension Ben. Gaur. Corp. v. White Consol. Indus., 998 F.2d 1192, 1197 (3d Cir. 1993).

### III.   DISCUSSION

#### A.   Fraud Claims

At the heart of Plaintiff's fraud claims is the contention that because Theft-Gard is actually insurance, Defendants committed fraud when they misrepresented Theft-Gard as "not an insurance policy" and merely a "guarantee" for an anti-theft system. Resolving these issues requires the Court to determine whether Theft-Gard is, in fact, insurance.

Plaintiff argues that Theft-Gard meets all of the criteria of insurance identified by the New Jersey Department of Banking and Insurance ("DOBI"). He argues that he had an insurable interest and therefore a risk of loss in the vehicle he purchased, that Theft-Gard transferred the risk of loss of that vehicle from him to Alexico, and that the risks of car loss were spread over the 28,000 New Jersey customers who bought Theft-Gard systems. Defendants contend that Theft-Gard is not insurance but a "theft deterrence and recovery product. . . accompanied by a guarantee that promises to compensate a consumer where the etching has failed to perform as expected." (Alexico Br. at 7.)

There is no statutory definition for what constitutes insurance under New Jersey law. The New Jersey Supreme Court has noted that not all indemnity contracts or risk-shifting agreements

will be considered insurance. Am. Nurses Ass'n v. Passaic Gen. Hosp., 484 A.2d 670, 674 (N.J. 1984) (citations omitted). The DOBI evaluates whether a contract constitutes insurance based on the following elements: "(1) the insured owns an insurable interest; (2) there is a risk of loss to the insurable interest; (3) the insurer agrees to assume the risk of loss; (4) the loss is distributed among a large group bearing similar risks as part of a general scheme; and (5) the insured pays a premium for the assumption of the risk." (Nissan's Ex. A. at 2.) The New Jersey Supreme Court has said that insurance is a gamble, a bargain struck between an insurer and an insured where "the exact risk or loss is not known when the insurance contract or policy is issued." Perreira v. Rediger, 778 A.2d 429, 440 (N.J. 2001) (citations omitted). In determining whether a contract can be classified as insurance, courts look to the contract as a whole and "giving effect to all of its provisions in the light of the intentions of the parties," evaluate the dominant purpose of the agreement. Couch on Insurance § 1.6 (3d ed. 2008).

The Court finds that Theft-Gard cannot be considered insurance. Plaintiff's contention that the sole reason a customer purchases Theft-Gard is to be indemnified in the event of theft is unsupported by the facts alleged. Theft-Gard is intended to function as a theft deterrent and recovery product, as alleged in the Complaint. (Compl. ¶ 1, 11.) If Theft-Gard does not work, and a vehicle with the Theft-Gard window etching is stolen and not recovered within thirty days, then the Theft-Gard owner will receive $3,000 or the value of the vehicle, if less. Though Plaintiff characterizes this payment as indemnification, the Court agrees with Defendants, who characterize the payment as a warranty of the Theft-Gard product. The warranty, which accompanies the window etch product and cannot be purchased separately, merely provides some monetary benefit in the event that Theft-Gard does not work and the vehicle is stolen and not

recovered. (Compl. Ex. B (informing customer that "guarantee is based upon the performance of the anti-theft system".) The essence of the agreement between the manufacturer or retailer and the customer is not a gamble accompanied by indemnification but rather a guarantee of proper functioning of the Theft-Gard product. Am. Nurses, 484 A.2d at 674. The fact that there may be some shifting of the risk of loss from the customer to the manufacturer is not enough to transform the essential nature of the product. Because Defendants' guarantee is based on Theft-Gard's performance and not merely the happening of a future occurrence, it constitutes a warranty and not insurance.

This conclusion is also supported by holdings from other branches of the New Jersey government; the DOBI, the New Jersey Superior Court, and the New Jersey Legislature have already concluded that Theft-Gard or other similar products are not insurance.

The DOBI offered an advisory opinion on a window etch product on April 11, 2006, in response to an inquiry from a representative of the Wholesale Auto Supply Company (WASCO) Vehicle Identification Loss Prevention System. (Nissan Ex. A.) DOBI noted that this system, represented to include a window etch and registration in a system with the promise of a onetime payment if the vehicle was stolen and not recovered or recovered but declared a total loss, would not be considered insurance, but rather would probably be a warranty of the etching product with a liquidated damages provision. (Nissan Ex. A. at 2.)

Judge John A. Fratto of the New Jersey Superior Court reached the same conclusion with regard to the WASCO Loss Prevention System, deciding that it was "a warranty and not insurance." (Kaplan v. Burns-Kull Auto Grp.., No. L-3979, Hr'g Tr. Feb. 16, 2007 at 27.) Judge Fratto found that the fact that the payment was conditioned on the occurrence of a particular

6

event "was not enough to take it out of the definition of a warranty." (Id.)

The New Jersey Legislature has codified this determination, passing a law stating that "[a] vehicle protection product warranty [including a window-etch product] issued by the warrantor of a vehicle protection product does not constitute a contract substantially amounting to insurance or its issuance the business of insurance." N.J.S.A. § 17:18-22. However, that statute does not control this case because the law does not apply to vehicle protection products purchased before April 1, 2008, the effective date of the legislation. 2007 N.J. Laws C. 166 § 10 (2007).

Though none of these decisions are binding, they all support this Court's conclusion that Theft-Gard cannot be considered insurance as a matter of law.[2] Because Counts I (violation of the Consumer Fraud Act for misrepresentation as "not insurance"), II (conspiracy to commit consumer fraud through selling illegal insurance), and IV (unjust enrichment based on unlawful sale) are premised on the status of Theft-Gard as insurance, and the Court has determined that Theft-Gard is not in fact insurance, these counts must be dismissed.

**B.     Warranty Claim**

Count III of the Complaint alleges that Theft-Gard's warranty violates the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301. Plaintiff argues that Defendants' failure to note whether the warranty is a full or limited warranty violates that part of the Act requiring a manufacturer to notify the customer of the "elements of the warranty in words or phrases which would not

---

[2] All three parties also cite to decisions and legislation from other jurisdictions on the issue. A decision of the United States District Court for the Eastern District of Pennsylvania recently held that the same Theft-Gard product manufactured by Defendant Alexico does not constitute insurance under Pennsylvania law. Moroz et al. v. Alexico Corp., Civ. No. 07-3188, 2008 WL 109090 (E.D. Pa. Jan. 8, 2008).

mislead a reasonable, average consumer as to the nature or scope of the warranty." 15 U.S.C. § 2302(a)(13). Plaintiff also argues that Defendant's requirement that the customer have comprehensive theft insurance in order to receive the warranty payment in the event of loss violates the anti-tying provisions of the Act.

The Act requires certain disclosures, including a disclosure as to whether the warranty in question is "full" or "limited." Plaintiff argues that Defendant Alexico's warranty is limited "by, among other things, time, the amount recoverable in the instance of theft, and the condition the purchaser must have car insurance." (Pl.'s Br. at 25.) The Court agrees with Plaintiff that the warranty is a limited one but cannot agree with Plaintiff's contention that Defendants failed in any way to make customers aware of these limitations. Plaintiff's copy of his registration form for the Theft-Gard, which he attached to his Complaint, clearly states these limitations. (Pl.'s Comp. Ex. B.) Additional limitations are listed in a section entitled "Guarantee Limitations." (Id.) Plaintiff has not alleged that he was misled by the warranty in any way, and he has not made out a claim for nondisclosure under the Act. Additionally, it is unclear whether nondisclosure can give rise to a claim without a showing of actual damages. Courts have dismissed claims where no damages are pled and the alleged violations are based solely on failure to comply with the disclosure requirements. See Moroz, 2008 WL 109090, *5-6; Atchole v. Silver Spring Imports, Inc., 379 F. Supp. 2d 797, 802 (D. Md. 2005). Because it is not clear if a cause of action exists solely based on nondisclosure of required elements, and Plaintiff has alleged neither a breach of the warranty nor actual damages, this claim under the Magnuson-Moss Act fails.

The other aspect of Plaintiff's warranty claim is found in the anti-tying provision of the

Act.  This section prohibits a manufacturer from conditioning a warranty "on the consumer's using, in connection with such product, any article or service (other than article or service provided without charge under the terms of the warranty) which is identified by brand, trade, or corporate name."  15 U.S.C. § 2302(c).  As alleged in the Complaint, Defendants conditioned payment of the Theft-Gard guarantee on "the consumer first having comprehensive theft insurance provided by a separate insurance carrier."  (Compl. ¶ 82.)  The written warranty supports the allegation that there is a comprehensive insurance requirement.  However, there is no identification of a specific "brand, trade, or corporate name" as prohibited by the Act, nor does the Complaint allege this condition to in fact exist.  The warranty is attached to the Theft-Gard product, so the etch is not improperly "tied to the Alexico brand" but both the etch and the registration are parts of the product under warranty.  Plaintiff has therefore not alleged a violation of the anti-tying provisions of the Act.

Because Plaintiff has failed to state a claim under the Magnuson-Moss Warranty Act, Count III will also be dismissed.

**IV.   CONCLUSION**

Plaintiff has failed to state a claim on which relief can be granted because he has not shown that Theft-Gard can be considered insurance as a matter of law and he has not stated a claim under the Magnuson-Moss Warranty Act.  The motions of both Defendant Alexico and Defendant Nissan are granted in their entirety, and Plaintiff's Complaint is dismissed.  Because none of Plaintiff's claims remain, Defendant Nissan's claim for contribution from Defendant Alexico is also dismissed.  An accompanying order will issue today.

Dated: June 17, 2008 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge